**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2005 SEP 12  PM 2: 32

OFFICE OF THE CLERK

BONG TRAN,                                   )
                                             )  Case No.   4:05 cv 3233
                    Plaintiff,               )
         vs.                                 )
                                             )
NCO FINANCIALSYSTEMS, INC., JUAN             )
SOTO, CITIBANK FINANCIAL SERVICES, )
Inc.                                         )
              And DOES 1-10, inclusive       )
                                             )
              Defendants                     )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, through undersigned counsel, Bong Tran, Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable Court against defendants, as set forth in the following complaint, as follows:

### PLAINTIFF

1.   Plaintiff, is a major domiciliary of Lincoln, Lancaster County Nebraska, and a victim of repeated false credit reporting and unlawful debt collection practices in violation of 15 US 1681, et al and 15 USC 1692, et al.

### DEFENDANTS

2.      Made Defendants herein are NCO Financial Systems, Inc 2020 N Central Avenue, Ste. 300 Phoenix, AZ 85004, a third party collection agency duly incorporated and authorized to do and doing business in the State of Nebraska and hired as the principal agent for the collection of third party debts by Citibank Financial Services, Inc.

JUAN SOTO, is an individual General manger and an agent, principal, and employee of Defendant NCO Financial Systems, Inc 2020 N Central Avenue, Ste. 300 Phoenix, AZ 85004.

CITIBANK FINANCIAL SERVICES, is a banking and crediting card issuing corporation with

-1-

it's principal office located at PO Box 6415, The lakes, Nevada 88901-6415.

## JURISDICTION OF THE COURT AND VENUE

5.    Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law 15 U.S.C. 1692, 1681, et seq., *28 U.S.C. 1331*.  Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. *28 U.S.C. 1367*.  Venue is proper in this District as the Plaintiff resides in this judicial district. *28 U.S.C. 1391(b),(c)*.

## REQUEST FOR TRIAL BY JURY

6.    Plaintiff requests a trial by jury in Lincoln, Lancaster County, Nebraska.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

7.    Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act and/or states' laws, including Nebraska.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

8.    Plaintiff respectfully requests that this Honorable Court award plaintiff her litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

## GENERAL FACTUAL BASIS

9.  Plaintiff learned that her credit reports issued by the various consumer reporting agencies contained inaccurate information.

10.  Upon learning of errors, plaintiff lodged disputes with the consumer reporting agencies and each of the defendants.

11.  By correspondence, dated June 21, 2001, defendant Citibank arranged for the preparation and transmittal of a letter to the plaintiff acknowledging a disputed debt allegedly due Citibank in the amount of $309.69. The plaintiff received the letter at her place of residence in Lincoln Lancaster County, Nebraska.

12.  Upon receiving the correspondence Plaintiff disputed an inaccurate account, reported by defendants to consumer reporting agencies, Equifax Information Services, Inc., f/k/a Equifax Credit Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC and its affiliate bureau. Defendants attributed to plaintiff a derogatory account and rating which was incorrect and which should not have been attributed to plaintiff.

13.  In response to plaintiff's disputes, the consumer reporting agencies, Equifax Information Services, Inc., f/k/a Equifax Credit Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC, each and on each such occasion, pursuant to 15 U.S.C. 1681i[a], forwarded to defendants notification of plaintiff's disputes and requested that defendants conduct a reinvestigation, per 15 U.S.C. 1681s-2.

14.  Defendants failed and refused to conduct an investigation of the disputed information and, instead, continued to report false, inaccurate information and attributed same to plaintiff. Defendants reported such information monthly on a regular cycle in accordance with its subscribership with the consumer reporting agencies.

15. Defendants were required to conduct a reasonable, timely and more thorough reinvestigation of the plaintiff's disputes and to respond to the consumer reporting agencies to whom it subscribed with truthful, complete and relevant information.

16.    Defendants violated the mandates of 15 U.S.C. 1681s-2[b] and plaintiff has suffered damages as a result of those violations.

17.    Defendants willfully violated the mandates of section 1681s-2[b].

18.    Alternatively, defendants negligently violated the mandates of section 1681s-2[b].

19.    Defendants likewise violated the mandates of section 1681s-2[a] and such violations form the basis of a negligence per se claim and an intentional tort, per se.

20.    Defendants knew or should have known or consciously avoided knowing that the information had repeatedly reported about plaintiff was false and improperly attributed to plaintiff.  Defendants were further notified by plaintiff of the errors and her disputes, yet defendants failed to report such information as disputed to the consumer reporting agencies.

21.    Said information was negative and damaging to plaintiff.  Plaintiff sustained credit denials repeatedly.  The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about plaintiff.

22.    Defendants "users" of credit information and "furnishers" of credit information as discussed in the Fair Credit Reporting Act.

23.    Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

24.   Defendants publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

25.   Defendants were notified of their false reporting however, Defendants continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiff.

26.   Defendants also breached its various and multiple agreements and contracts with the consumer reporting agencies [and/or their affiliates] [collectively "consumer reporting agencies"], to whom it subscribed, by continuously reporting false credit information about plaintiff.

27.   Defendants were aware that their reporting and activities would [and will] damage plaintiff and her ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring her obligations to her creditors.

28.   The consumer reporting agencies maintain subscriber contracts and relationships with Defendants separately and individually, under which Defendants is allowed to report credit data and have same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

29.   Under the subscriber contracts Defendants owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including plaintiff.

30.   Defendants owed duties of reasonable care to plaintiff.

31.   Defendants failed to exercise reasonable care and prudence in each reporting and re-
      reporting, the handling and reinvestigation of data about plaintiff, all made the subject of
      this lawsuit, and consequently caused damaged plaintiff.

32.   Defendants negligently impaired plaintiff's credit rating and property rights in her credit
      reputation.

33.   Alternatively, Defendants have, with willful intent to injure or maliciously, damaged
      plaintiff's property rights in her credit reports and reputation and standing in the
      community.

34.   Defendants recklessly, maliciously and/or intentionally, published and disseminated false
      and inaccurate information concerning Plaintiff with reckless disregard for the truth of
      the matters asserted.

35.   Defendants publishing of such false and inaccurate information has severely damaged the
      personal and consumer reputation of Plaintiff and caused severe humiliation, emotional
      distress and mental anguish to plaintiff.

36.   Defendants were notified of inaccuracies by plaintiff; however, the defendants continued
      to issue and/or publish report(s) to third parties, which contained inaccurate information
      about Plaintiff.

## INVASION OF PRIVACY

37.   Plaintiffs adopt the averments and allegations of Paragraphs I through 36 hereinbefore as if
      more fully set forth herein and add thereto the following.

38.   Defendants have invaded Plaintiff's privacy.

39.   Alternatively, Defendants have, with willful intent to injure and/or maliciously, invaded
      Plaintiff's privacy.

40.   Defendants have intentionally inflicted humiliation and emotional distress and mental anguish on Plaintiff.

41.    Alternatively, Defendants have, with willful intent to injure or maliciously, published such false and inaccurate information and severely damaged the personal and consumer reputation of Plaintiff and caused him to suffer severe humiliation, emotional distress and mental anguish.

42.   Defendants have engaged in unfair and deceptive trade and business practices and is liable unto plaintiff under state laws for those violations.                                              .

43. Alternatively, Defendants have, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and is liable unto plaintiff under various state laws for those violations.

44. Defendants are liable to plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security,  attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## FALSE OR MISLEADING REPRESENTATIONS

45. Plaintiffs adopt the averments and allegations of Paragraphs I through 36 hereinbefore as if more fully set forth herein and add thereto the following.

46. Juan Soto, an employee agent or designee of the Defendants, contacted the plaintiff by telephone and stated that he was general manager for NCO Financial Services, Inc., and was attempting to collect money owed to Citibank. The plaintiff attempted to explain she did not owe the debt and had advised Citibank numberous times the debt was not valid, and that the plaintiff had in fact completed a forgery affidavit.

47. Juan Soto took notice the plaintiff had a foreign accent. Defendant told the plaintiff she had to pay the money and there was no other option except for the plaintiff to pay. The defendant stated that plaintiff owed a lot of money in U.S. currency and told the plaintiff she may not understand that because she was not a United States citizen and had a poor comprehension of the English language.

48. Defendant threatened to take legal action, which would jeopardize the plaintiff's ability to remain in the United States if immediate arrangements were not made to pay the debt in full.

49. The defendant's statements were false and misleading in violation of 15 USC section 1692(g)(e).

**WHEREFORE PLAINTIFF, PRAYS** that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants as follows:

1) That there be Judgment in favor of Plaintiff for all reasonable damages allowed by law and all reasonable damages sustained by Plaintiff including but not limited to all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

2) That there be judgment in favor of the Plaintiff for actual damages and lost economic opportunity, in the amount of $15,000.00.

FURTHER, Prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

DATED:   September 12, 2005,

Respectfully submitted

By:     /s/  Theodore  Vrana
Theodore Vrana, Bar# 14345
Attorney for Plaintiff
3260 Van Dorn Street
Lincoln, NE 68502
402-488-0316

-9-